RYDER, Judge.
Appellant pleaded nolo contendere to charges of burglary of a structure and theft, reserving the right to appeal the trial court’s denial of his motion to suppress. After his adjudication of delinquency for those charges, he timely appealed. We reverse.
Appellant was arrested for loitering and prowling outside the office building of Crump, Mann and Webb Insurance in Fort Myers. Officers Nicholson and Jelks, of the Fort Myers Police Department, arrived at the Crump building on a weekday morning during business hours in response to a radio call that an unidentified individual was sleeping in a car. Officer Jelks, who first arrived at the scene, observed appellant standing outside the rear of the Crump building talking to a Crump employee and a construction worker. Appellant was dressed in pants and shoes but was not wearing a shirt. Another Crump employee pointed out appellant as someone who had been loitering in the past around the building. The employee also told Officer Jelks that the building had been broken into a few days earlier and had been vandalized.
When Officer Nicholson arrived, he attempted to question appellant. Appellant refused to identify himself, reluctantly providing only his first name, and he would not explain his presence at the rear of the building. Officer Nicholson arrested appellant for loitering and prowling. A search incident to the arrest revealed a set of keys, which were identified as the keys to the Crump building. The officer read appellant his Miranda rights and appellant then confessed to the burglary of the insurance office which had occurred a few days earlier. Appellant’s confession and his possession of the keys led to his arrest for burglary and theft.
The trial court erred in denying appellant’s motion to suppress the confession and the keys, because the officers did not have probable cause to arrest appellant for loitering and prowling. A police officer may make a warrantless arrest for loitering and prowling only if the officer observes the accused: (1) loitering and prowling in a place, at a time, or in a manner not usual for law-abiding individuals, and (2) under circumstances warranting a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. See State v. Ecker, 311 So.2d 104 (Fla.1975), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975); Chamson v. State, 529 So.2d 1160 (Fla. 3d DCA 1988). Since loitering and prowling is a misdemeanor, only the officer’s own observations may be considered in determining whether probable cause exists to make a warrantless arrest for loitering and prowling. Ecker; Chamson; Springfield v. State, 481 So.2d 975 (Fla. 3d DCA 1986). See § 856.021, Fla.Stat. (1987).
In this ease, the officers observed appellant conversing with two other individuals during business hours. Appellant made no attempt to flee or conceal himself, and his shirtless attire was not unusual for Florida and certainly not unlawful. There was no basis for the officers to conclude that appellant was loitering or prowling or that his behavior imminently threatened the safety of persons or property. The statement by a Crump employee at the scene identifying appellant as a suspect in the recent burglary could not properly be considered by the officers in determining whether probable cause existed for a war-rantless loitering and prowling arrest. See Ecker; Chamson; Springfield. In addition, appellant’s failure to provide identification or explain his presence, in itself, does not constitute sufficient probable cause for a loitering and prowling arrest. Failure to provide identification is not an element of the charged offense, E.B. v. State, 537 So.2d 148 (Fla. 2d DCA 1989), nor is failure to explain one’s presence and conduct. Cf. Ecker at 110; E.B. See § 856.021, Fla.Stat. (1987).
Under the circumstances of this case, an arrest would only have been appropriate if probable cause had existed to arrest appellant for the burglary. The police cannot be allowed to use the loitering and prowling statute to detain an individual for another offense for which probable cause is lacking and then use the fruits of the un *373 lawful detention as evidence that the individual committed the other offense. See E.B. To allow such “bootstrapping” of evidence would lead back to the dark ages when police were able to use the loitering and prowling statute as a catchall charge to arrest persons at their whim. See Ecker.
REVERSED.
SCHEB, A.C.J., and SCHOONOVER, J., concur.