PER CURIAM.
We affirm the suppression of evidence in this case by the trial court.
Two deputy sheriffs of the Broward County Sheriff’s office observed a known drug dealer approach appellee and a companion in an area known for a high degree of drug activity. The group was joined by another known drug dealer, and they all walked to an unlit area near the back of a duplex. They remained in that area for a moment or two and then dispersed. Appel-lee and his companion left the way from which they had come. Although the officer stated that he had not lost sight of the group, he did not see a narcotics transaction take place. However, he suspected one had taken place.
The officers approached appellee and his companion and asked why they were in the area. Appellee responded that they were just taking a walk. Upon further questioning, he denied knowing or talking to anyone in the area. During the conversation, the officer noted a lump in Appellee’s mouth and that Appellee was moving his tongue around. The officer had previously made approximately ten arrests where defendants had concealed cocaine in their mouths. However, he said he first thought the lump was chewing tobacco. The officer asked appellee if something was wrong with his mouth, to which appellee replied in the negative. At that point, the officer told appellee he was under arrest for loitering and told him to open his mouth. The appellee complied and a cocaine rock was revealed. Appellee was then arrested for possession of cocaine.
Based on this record, the officers did not have probable cause to arrest the appellee for loitering and prowling. State v. Ecker, 311 So.2d 104 (Fla.1975); T.L.F. v. State, 536 So.2d 371 (Fla. 2d DCA 1988). Thus, the search of appellee’s person based upon the unlawful arrest must be suppressed. As the Second District said:
The police cannot be allowed to use the loitering and prowling statute to detain an individual for another offense for which probable cause is lacking and then use the fruits of the unlawful detention as evidence that the individual committed the other offense.... To allow such “bootstrapping” of evidence would lead back to the dark ages when police were able to use the loitering and prowling statute as a catchall charge to arrest persons at their whim.
T.L.F., 536 So.2d at 372.
We need not decide whether the stop of appellee was a “mere encounter” or a stop based upon founded suspicion because even if the officers had a founded suspicion of criminal activity, there is no justification for the search of the person for other than a weapons type patdown, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868 20 L.Ed.2d 889 (1968), until probable cause exists for an arrest. The record does not support the existence of probable cause for the commission of the offense of loitering and prowling or a narcotics offense prior to the illegal search of appellee. The order *402 suppressing the evidence is therefore affirmed.
DOWNEY, LETTS and WARNER, JJ., concur.