PATTERSON, Judge.
Rickey D. Lester appeals the denial of his motion to suppress evidence obtained as a result of the search of his person. We reverse.
On July 12, 1989, Sergeant Billington, a patrol officer for the St. Petersburg Police Department, was flagged down by a person with whom he had prior contacts. This person told him that two individuals were selling cocaine to the occupants of a brown van three blocks up the street. Billington saw the van driving away. The informant told him that the sellers were two black males: one was older and the younger one was wearing black and red shorts. Billing-ton drove up the street and observed two black males meeting the description he had been given, but did not observe them in any type of activity. He then called for backup units.
Approximately twenty minutes later, two additional units arrived, one of them a canine unit. The canine unit remained stationary and Billington and Officer Glascoe drove into the area. Upon observing the marked police ears, the appellant (the older of the two men) ran. Billington followed and ordered the appellant to stop. The appellant continued to run, to his misfortune, into the vicinity of the canine officer, who released his dog. With the dog in pursuit, the appellant ran toward the street, where the dog knocked him down. The appellant struck his head and was rendered unconscious.
Billington approached the appellant, handcuffed him, revived him with an ammonia capsule, and then arrested him for loitering and prowling, a misdemeanor. § 856.021, Fla.Stat. (1989). The subsequent search of his person produced co *653 caine and a misdemeanor amount of marijuana.
No lawful basis existed to pursue or arrest the appellant.
A police officer may make a warrantless arrest for loitering and prowling only if the officer observes the accused: (1) loitering and prowling in a place, at a time, or in a manner not usual for law-abiding individuals, and (2) under circumstances warranting a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
T.L.F. v. State, 536 So.2d 371, 372 (Fla. 2d DCA 1988). Billington did not testify to any such observations and the clear gist of his testimony is that he arrested the appellant for fleeing and failing to identify himself. Billington did not observe any behavior that threatened “immediate, future criminal activity.” V.E. v. State, 539 So.2d 1170, 1171 (Fla. 3d DCA 1989).
Neither could the tip Billington received from the informant justify a stop. With the exception that one individual was wearing black and red shorts, the description of the sellers was in general terms and was insufficient to pinpoint any one individual. Billington did not observe the appellant doing anything except fleeing from him and then from the pursuing dog.
Reversed with directions to discharge the appellant.
LEHAN, A.C.J., and PARKER, J„ concur.