629 So.2d 1068 (1994)
K.R.R., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04086.
District Court of Appeal of Florida, Second District.
January 5, 1994.
*1069 James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant, a juvenile, argues that trial court erred in adjudicating him delinquent upon finding he had committed the offense of loitering and prowling, in violation of section 856.021, Florida Statutes (1991). He argues that the evidence of loitering and prowling was legally insufficient. We reverse.
In response to a report of an automobile theft in progress at a funeral parlor in downtown Lake Wales on August 30, 1992, Officer Goolsby was searching the area for suspects. Ten minutes after receiving the report, at 12:30 a.m., Goolsby spotted defendant and his companion, who were walking on railroad tracks, about 300 yards from the funeral parlor.
Goolsby testified that the two were coming from the general direction of the funeral parlor and were the only individuals in the area at the time. No residences are nearby, only businesses. He testified that based on his experience, people are not normally seen walking in the area after midnight. He indicated that the city of Lake Wales' teenage curfew was from the hours of 10:30 p.m. to 6:00 a.m. However, defendant was not cited for violating the curfew. At the conclusion of trial, the court found:
I find that due to the unusual hour and the unusual location, it's at a location where there's been a reported crime I find that he is guilty of loitering and prowling, there's been no reasonable explanations for his presence.
We conclude that the trial court erred. Under section 856.021(1) and E.B. v. State, 537 So.2d 148, 149 (Fla. 2d DCA 1989), a conviction
requires proof that: (1) the defendant was loitering or prowling in a place, at a time, or in a manner unusual for a law-abiding individual under (2) circumstances that warrant a justifiable and reasonable alarm or concern for the safety of persons or property in the vicinity. In considering the second element, courts have found that the behavior must imminently threaten the safety of persons or property. State v. Ecker, 311 So.2d 104 (Fla. 1975), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975).
Also, alarm is presumed under the statute if, when a law officer appears, the defendant flees, conceals himself or any object, or refuses to identify himself. § 856.021(2). Prior *1070 to any arrest, the defendant must be afforded an opportunity to dispel any alarm or immediate concern by identifying himself and explaining his presence and conduct. Id.; Ecker. We conclude that the instant facts are legally insufficient under the statute, E.B. and Ecker.
Unquestionably, under the circumstances, Goolsby's stop of defendant was proper, in light of the reported crime at the nearby funeral parlor. However, since the offense of loitering and prowling is a misdemeanor, all elements of the offense must occur in the officer's presence. T.T. v. State, 572 So.2d 21 (Fla. 4th DCA 1990). See T.L.F. v. State, 536 So.2d 371, 372 (Fla. 2d DCA 1988). The fact remains that Goolsby never actually saw defendant do anything in his presence other than walk along railroad tracks at 12:30 a.m. This may be a violation of the Lake Wales curfew, for which in any event he was not cited, but it otherwise in itself appears to be legally insufficient evidence of loitering and prowling. See T.T. (juvenile observed at 8:30 p.m. as a passenger in a car in a parking lot behind a closed business); E.B. (boys observed riding on bicycles at 2:45 a.m.); D.A. v. State, 471 So.2d 147 (Fla. 3d DCA 1985) (juvenile observed standing by a stolen motor vehicle and then fleeing); T.L.F. v. State, 536 So.2d 371, 372 (Fla. 2d DCA 1988) (juvenile observed "conversing with two other individuals during business hours" near an office building).
The state places much stress on the circumstance that defendant was spotted 300 yards from the funeral parlor just ten minutes after a crime there had been reported. However, loitering and prowling "is not directed at suspicious after-the-fact criminal behavior which solely indicates involvement in a prior, already completed substantive criminal act." D.A., 471 So.2d at 151. The fact that the juvenile in D.A. had been spotted near the scene just shortly after the commission of a crime, in circumstances more suspicious than those in the instant case, did not stand in the way of a reversal in that case.
The evidence appears inconclusive as to whether defendant, when given an opportunity to dispel any alarm, sufficiently explained his presence and conduct as called for under the statute, though as indicated the trial court found that he failed to do so. Goolsby indicated that the explanations of defendant and his companion failed to dispel his alarm over their presence in the area. However, the record is silent as to the specifics of defendant's explanation.[1] But in any event, even to accept the trial court's finding, an insufficient explanation does not help the state since it is not an element of the crime. See E.B. v. State, 537 So.2d at 149.
While the state further points out that defendant's companion refused to remove his hands from his pockets and acted as if he was concealing something in them, we conclude that this conduct should not be charged to defendant, especially since Officer Pelt, who arrived on the scene after Goolsby, admitted that defendant did not refuse to identify himself nor did he attempt to conceal himself. In short, defendant himself did nothing to raise a presumption of alarm under the statute.
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., HALL, J., and REESE, THOMAS S., Associate Judge, concur.
NOTES
[1] Goolsby himself never related any. And when the state later attempted to elicit such specifics from Officer Pelt, defense counsel was largely successful in preventing testimony on the matter after objecting on the basis that defendant and his companion were not "Mirandized" at the time they were questioned despite the fact they were not free to leave.