654 So.2d 193 (1995)
W.A.E., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01071.
District Court of Appeal of Florida, Second District.
April 19, 1995.
William D. Slicker of William D. Slicker, P.A., St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen D. Ake, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, a juvenile, challenges the trial court's order which found him guilty and withheld adjudication of delinquency to the charge of loitering and prowling. We find that there was insufficient evidence to support this finding and, accordingly, reverse.
A petition of delinquency was filed against the appellant charging him with loitering and prowling, in violation of section 856.021, Florida Statutes (1993). The appellant entered a written denial to the charge. At the delinquency hearing, Mr. Daniel Wright testified that he was awakened at 2:00 a.m. by his wife who said that there were two males in their side yard. Mr. Wright observed the boys walking on a sidewalk that ran along the front of the house and he subsequently apprehended the appellant because he was concerned about the safety of his family's bicycles that were kept in the yard. The appellant told Mr. Wright that he was looking at the bicycles because he thought one of them belonged to his friend who had his bicycle stolen. Officer Lowe arrived at the Wrights' home to investigate in response to a call from the wife. The appellant also told Officer Lowe that when he determined the Wrights' bicycle was not his friend's stolen bicycle, he was on his *194 way home. At the conclusion of the delinquency hearing, the appellant was found guilty, adjudication was withheld, and statutory costs and attorney's fees were imposed. The appellant filed a timely notice of appeal.
The appellant contends that there was insufficient evidence to find him guilty of loitering and prowling. We agree.
In order to sustain a conviction for loitering and prowling under section 856.021, there must be proof that: (1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law abiding individuals; and (2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. State v. Ecker, 311 So.2d 104 (Fla.), cert. denied, Bell v. State, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (U.S. 1975). Prior to any arrest, the defendant must be afforded an opportunity to dispel any alarm or immediate concern by identifying himself and explaining his presence and conduct. Id. Alarm is presumed under the statute if, when a law officer appears, the defendant flees, conceals himself or any object, or refuses to identify himself. K.R.R. v. State, 629 So.2d 1068 (Fla. 2d DCA 1994).
In the instant case, neither Mr. Wright nor Mrs. Wright testified that they saw the appellant in their yard. Appellant also testified that he never went into the Wrights' yard, and Mrs. Wright testified that nothing had been taken from their yard. Furthermore, the fact that appellant was walking on the sidewalk in front of the Wrights' house at 2:00 a.m. is in itself legally insufficient evidence of loitering and prowling. See K.R.R. The appellant explained his presence to the Wrights and to Officer Lowe, and although the appellant ran from Mr. Wright, he did not flee from the officer, fail to identify himself, or conceal any object. See T.L.F. v. State, 536 So.2d 371 (Fla. 2d DCA 1988). We find the evidence was insufficient to support the trial court's finding that the appellant was guilty of loitering and prowling. Accordingly, we reverse the order withholding adjudication of delinquency and order the appellant to be discharged.
Reversed and remanded with instructions.
SCHOONOVER, A.C.J., and PATTERSON and QUINCE, JJ., concur.