673 So.2d 186 (1996)
Andrew McGEE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0781.
District Court of Appeal of Florida, Fourth District.
May 15, 1996.
*187 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Judge.
We reverse an order revoking Appellant's probation. The state failed to prove that Appellant committed the offense charged in the affidavit of violation, loitering and prowling.
The arresting officer testified that Appellant was observed walking from the side of a duplex residence and had a conversation with a woman pedestrian. Appellant showed her something in his hand and she gave him money. Based on his experience and training, the officer, watching through binoculars, believed a drug transaction had taken place. The woman then walked away. As the officer's car approached, Appellant appeared to hide the money under a car, where two five dollar bills were later recovered. At the time of the incident, other people were sitting on the porch of the duplex. There was no evidence that the officer ever asked Appellant what he was doing there.
Appellant was charged not with a drug offense, but only with loitering and prowling under section 856.021, Florida Statutes. The offending act, pursuant to the statute, must occur "at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." § 856.021(1), Fla.Stat. (1993).
The record reflects no evidence of the required imminent threat to the peace or public safety. The suspicious circumstances indicating that a drug sale might have occurred, taken alone, are not sufficient to support a conviction for loitering and prowling. Cf. State v. Palmer, 543 So.2d 400 (Fla. 4th DCA 1989); Springfield v. State, 481 So.2d 975 (Fla. 4th DCA 1986); Carroll v. State, 573 So.2d 148 (Fla. 2d DCA 1991); D.A. v. State, 471 So.2d 147 (Fla. 3d DCA 1985); Blanding v. State, 446 So.2d 1135 (Fla. 3d DCA 1984).
Additionally, we note that here there also was no proof, required for conviction of the statutory offense, that the officer complied with the section 856.021(2) requirement that the suspect be afforded an opportunity to dispel alarm by requesting Appellant to identify himself and explain his presence and conduct. See Z.P. v. State, 440 So.2d 601 (Fla. 3d DCA 1983); § 856.021(2), Fla.Stat. (1993).
We remand for further proceedings discharging the warrant and reinstating probation.
DELL and STEVENSON, JJ., concur.