PER CURIAM.
The evidence was insufficient to support a finding that appellant violated his community *266 control by committing the offense of loitering and prowling, section 856.021, Florida Statutes (1995). The state witnesses were unable to point to specific and articulable facts to warrant the conclusion that either a breach of the peace or a threat to the public safety was imminent. See McGee v. State, 673 So.2d 186 (Fla. 4th DCA 1996); Freeman v. State, 617 So.2d 432 (Fla. 4th DCA 1993); In Interest of B.M., 553 So.2d 714 (Fla. 4th DCA 1989); Boal v. State, 368 So.2d 71 (Fla. 2d DCA 1979). The anonymous telephone tip and the general characteristics of the area, without more, did not amount to competent proof of a crucial element of the crime charged. The trial court did not find appellant guilty of any of the technical violations of community control charged.
The order revoking appellant’s community control is reversed and the case is remanded to the trial court, where appellant’s community control shall be reinstated.
KLEIN, GROSS, JJ., and CAROL R. GERSTEN, Associate Judge, concur.