PER CURIAM.
A juvenile charged with strong arm robbery appeals from the trial court’s denial of his motion to suppress an inculpatory statement. For the reasons set forth below, we reverse.
On January 16,1996, a woman was robbed of her purse. Mr. Efrain Montesino (“the witness”) was in his home on that day and heard screams outside. He went outside to investigate and saw a tall man running away with a purse in his hand. The witness drove around the neighborhood to try to locate the perpetrators. The witness encountered a juvenile (“J.P.”) some distance away from the scene of the crime. J.P. informed the witness that he had seen the perpetrators drive away. This made the witness suspicious of J.P. because J.P. was too far away from the site of the robbery to have witnessed it. When the police arrived, the witness directed the police to the area where he spoke with J.P.
A police officer approached J.P., who appeared anxious and was sweating. In addition, J.P. had dust on his head and his shirt was inside-out. The officer suspected that J.P. may have been hiding under something. The officer took J.P. into police custody and J.P. was transported to the police station. The police placed J.P. in a holding cell with another suspect. The holding cell was equipped with a microphone. A police detective was able to listen to and record any conversation taking place within the holding cell. While in the cell, J.P. made an inculpa-tory statement which was recorded. J.P. was formally arrested and the police informed J.P. of his Miranda rights. J.P. waived his Miranda rights and gave a second inculpatory statement to the police.
J.P. was charged with strong arm robbery. Prior to the adjudicatory hearing on this charge, defense counsel moved to suppress all statements made by J.P. on the ground that J.P. was initially taken into police custody without probable cause. The trial court agreed, finding that J.P. was initially detained without probable cause. Accordingly, J.P.’s statement made in the holding cell was suppressed. However, the trial court did not suppress J.P.’s second inculpatory statement because it was given after J.P. had been apprised of his Miranda rights. J.P. was found guilty of strong arm robbery. Adjudication was withheld and this timely appeal followed.
The trial court correctly found that the initial detention, which the State agrees was an arrest, was without probable cause. While the police officer may have had reasonable suspicion concerning the juvenile, the knowledge possessed by the police officer did not come near the level necessary to establish probable cause. See T.L.F. v. State, 536 So.2d 371, 372 (Fla. 2d DCA 1988)(holding that police officers lacked probable cause to arrest a juvenile for loitering and prowling where the juvenile “made no attempt to flee or conceal himself, and his shirtless attire was not unusual for Florida and certainly not unlawful.”). As a result of the lack of probable cause at the time of the initial detention, the trial court properly excluded the first inculpatory statement.
*466 However, the trial court should have excluded the second statement as well as the first. The trial court held the second statement to be admissible because the juvenile was given Miranda warnings. The United States Supreme Court, however, has specifically held to the contrary. Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975)(holding that Miranda warnings alone do not break the causal connection between an illegal arrest and a confession). The Brown Court cautioned:
Arrests made without warrant or without probable cause, for questioning or “investigation,” would be encouraged by the knowledge that evidence derived therefrom could well be made admissible at trial by the simple expedient of giving Miranda warnings. Any incentive to avoid Fourth Amendment violations would be eviscerated by making the warnings, in effect, a “cure-all,” and the constitutional guarantee against unlawful searches and seizures could be said to be reduced to “a form of words.”
422 U.S. at 602-03, 95 S.Ct. at 2261 (footnote and citation omitted).
Accordingly, we reverse with directions to the trial judge to grant the Appellant’s Motion to Suppress as to the second statement.