813 So.2d 1027 (2002)
Michael Anthony JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-547.
District Court of Appeal of Florida, Third District.
April 10, 2002.
*1028 Bennett H. Brummer, Public Defender, and Valerie Jonas, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and John D. Barker, Assistant Attorney General, for appellee.
Before LEVY, SHEVIN, and RAMIREZ, JJ.
SHEVIN, Judge.
Michael Anthony Johnson appeals his conviction and sentence. We reverse.
Johnson argues that the trial court should have granted his motion to suppress his statements obtained by virtue of an illegal arrest. We agree. The police detention of defendant escalated into a de facto arrest when several officers confronted defendant at his workplace, handcuffed him and escorted him to the police car. "[The] police may properly handcuff a person whom they are temporarily detaining when circumstances reasonably justify the use of such restraint." Reynolds v. State, 592 So.2d 1082, 1085 (Fla.1992); Saturnino-Boudet v. State, 682 So.2d 188 (Fla. 3d DCA 1996). Those circumstances include instances "where it was reasonably necessary to protect the officers' safety or to thwart a suspect's attempt to flee." Reynolds v. State, 592 So.2d at 1084. Here, however, the officer's testimony is silent as to any circumstances showing that handcuffing defendant was "a reasonable response to the demands of the situation." Id. at 1085. The officer testified that almost two weeks after the crime had occurred, she went with three other officers to defendant's workplace at lunch time. She told defendant that she needed to talk to him; she then handcuffed him and walked him across the street, with her sergeant, to a police car where the other officers were standing nearby.[1] The officer did testify that she handcuffed defendant because she did not want other people to believe that he was cooperating with the police; however, she could not remember telling defendant why he was handcuffed or that he was not under arrest. The officer did not testify that she feared for her or the other officers' safety, that she feared defendant would flee, or that defendant would act irrationally or violently when confronted. Accordingly, we conclude that as the circumstances did not *1029 warrant such actions, defendant was under arrest when he was confronted by several officers and taken in handcuffs from his workplace to the police car. See Ames v. State, 739 So.2d 699, 703 (Fla. 1st DCA 1999). See also 4 Wayne R. LaFave, Search and Seizure, § 9.2(d), 40-42, 8-10 (Supp.) & nn. 91 & 92 (3d ed. 1996 & Supp.2002)(cases illustrating when use of handcuffs comports with or exceeds Terry stop parameters). Cf. Carroll v. State, 636 So.2d 1316 (Fla.)(stop not converted into arrest where officer took actions reasonable in stopping person who may have recently committed a murder), cert. denied, 513 U.S. 973, 115 S.Ct. 447, 130 L.Ed.2d 357 (1994).
Furthermore, contrary to the trial court's ruling, the police did not have probable cause to arrest defendant at that point.[2] "Probable cause to arrest exists when the totality of the facts and circumstances within the officer's knowledge would cause a reasonable person to believe that an offense has been committed and that the defendant is the one who committed it." State v. Cortez, 705 So.2d 676, 678 (Fla. 3d DCA 1998)(quoting State v. Russell, 659 So.2d 465, 468 (Fla. 3d DCA), review denied, 665 So.2d 220 (Fla.1995)). Here, the officers confronted defendant based on an anonymous tip as to the tag number of the car involved in the robbery, coupled with defendant's fiancee's vague negative comments about him and her statement that defendant drove or occupied the car on the day the crime occurred. At that time, the police also knew that the victim was unable to identify defendant or the car, and her description as to the perpetrator's age varied substantially from defendant's actual age. Those circumstances do not rise to the level of probable cause sufficient to cause a reasonable person to believe that defendant had committed the crime. See Connor v. State, 803 So.2d 598, 604-05 (Fla.2001).
Finally, a consideration of the purpose and flagrancy of the the arrest, the temporal proximity of the arrest and the confession (less than two hours), the lack of intervening circumstances, as well as the Miranda warnings subsequently given at the police station, show that defendant's statements were not purged of the taint of the illegal arrest.[3]See Ames v. State, 739 So.2d at 703 (defendant's statements given after Miranda warnings, but within an hour of illegal arrest, where no intervening events occurred, suppressed as taint of illegal arrest not dissipated); J.P. v. State, 695 So.2d 464, 466 (Fla. 3d DCA 1997)(Miranda warnings alone do not dissipate taint of illegal arrest). Cf. Connor v. State, 803 So.2d at 598 (taint of any illegal arrest dissipated when defendant waived rights and gave oral and written consent to search after police gave Miranda warnings and informed him of right to refuse search).
Accordingly, the trial court erred in denying the suppression motion. Defendant's conviction is reversed.
Reversed and remanded.
NOTES
[1] When they went to the car, defendant was not searched until after the officer removed the handcuffs, spoke with him, and then rehand-cuffed him. See Reynolds, 592 So.2d at 1085 (method of restraint must be the least intrusive means to dispel officers' suspicion that suspect may be armed and dangerous).
[2] The officer testified that it was a close question whether she had probable cause when she first approached defendant. She did not intend to arrest defendant at that point. Her intent was to get him to talk and then to arrest him. See Connor v. State, 803 So.2d 598, 604-05 (Fla.2001).
[3] The momentary removal of the handcuffs at the car in the officers' presence does not serve as an intervening event. Cf. Sanchez-Velasco v. State, 570 So.2d 908(Fla.1990)(defendant was released from custody when police removed his handcuffs and left him alone for about ten minutes), cert. denied, 500 U.S. 929, 111 S.Ct. 2045, 114 L.Ed.2d 129 (1991).