SCALES, J.
concurring in part and dissenting in part.
I concur with that portion of the majority’s opinion affirming the trial court’s denial of Reza’s motion to suppress in lower tribunal case number 2009-CF-726. I respectfully dissent, however, from that portion of the majority opinion reversing the trial court’s denial of Reza’s motion to suppress in lower tribunal case number 2009-CF-635.
While Reza’s arrest was without probable cause, I agree with the trial court’s conclusion[8] that intervening circumstances broke the causal chain between Reza’s tainted arrest and Reza’s confession so that Reza’s confession should not be suppressed. Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).
In determining whether the causal chain has been broken, a court must examine the connection between the tainted arrest and the confession. State v. Gifford, 558 So.2d 444, 445-46 (Fla. 4th DCA 1990). In such an examination, the court considers “(1) the temporal proximity of the illegal arrest and statement; (2) the presence of intervening circumstances; (3) and the purpose and flagrancy of the official misconduct.” Id. at 446.
The majority opinion concludes that “there was no intervening event of significance whatsoever” to break the causal chain. I view the post-arrest facts in a different light.
With regard to the temporal proximity of Reza’s arrest and confession, the police officers who brought Reza to the police substation did not give Reza his Miranda warnings and did not conduct an interrogation of Reza. In other words, no information was elicited from Reza proximate to the arrest.
At the police substation, a separate set of police officers, two detectives, dealt with Reza: they removed Reza’s handcuffs and called his mother. Reza’s mother then came to the police substation and joined *582 her son in an interview room. Reza’s mother encouraged Reza to cooperate with the police. Only after Reza’s mother arrived and spoke with her son did the detectives provide Reza with his Miranda rights.[9] In my view, these were the intervening circumstances that broke any causal connection between Reza’s arrest and his confession. Thereafter, Reza voluntarily confessed to the muggings.
With regard to the purpose and flagrancy of official misconduct, while the police lacked probable cause to arrest Reza, the officers did not descend into flagrant misconduct. Their conduct was not motivated by malevolent intent; indeed, their suspicion that Reza was involved in the crime was reasonable. Reza was found in a secluded area with Cornelius Jones who had been identified as the prime suspect in the muggings. Reza’s responses to simple questions were evasive.
It bears noting that, initially, the detectives considered Reza as a potential witness rather than a suspect, and their questioning reflected this view. The interview of Reza was not coercive.[10] Reza’s decision to implicate himself came after Reza consulted with his mother and after Reza received his Miranda warnings. In my view, Reza’s confession arose from circumstances that turned away from any coercive influence of the arrest itself.
Based on the foregoing, I conclude that any taint from Reza’s illegal arrest had dissipated prior to Reza’s confession; therefore, the trial court was correct in not suppressing Reza s confession in case number 2009-CF-635. I would affirm.

. On April 29, 2011, the trial court held an extensive evidentiary hearing on the motion to suppress Reza's confession in lower tribunal case number 2009-CF-635.

. As the majority points out, Miranda warnings alone are not sufficient to break the causal connection. J.P. v. State, 695 So.2d 464, 466 (Fla. 3d DCA 1997).

. Unlike the confession suppressed in Taylor v. Alabama, 457 U.S. 687, 102 S.Ct. 2664, 73 L.Ed.2d 314 (1982), Reza’s confession was not the result of any police exploitation of Reza’s illegal arrest. No promises or threats were made to Reza by the police; rather, Reza’s confession to police was an act of free will Reza exercised after the police called Reza’s mother and after the police gave Reza the opportunity to speak to his mother.